PROB12C (11/25)

# UNITED STATES DISTRICT COURT
FOR THE
# WESTERN DISTRICT OF WISCONSIN
## PETITION FOR WARRANT TO BE FILED AS A DETAINER FOR PERSON UNDER SUPERVISION

**Person Under Supervision:** Tara Blum
Dane County Jail, Madison, Wisconsin
*(Primary state custody)*

**Case Number:** 20-cr-128-wmc-1

**Name of Sentencing Judicial Officer:** Honorable William M. Conley

**Date of Original Sentence:** November 16, 2021

**Offense:** Possess with Intent to Distribute 500 Grams or More of a Mixture or Substance Containing Methamphetamine, a Schedule II Controlled Substance, in violation of 18 U.S.C. § 841(a)(1) & 841(b)(1)(A)(viii), a Class A felony

**Original Sentence:** 84 months' imprisonment, to be followed by a 5-year term of supervised release

**Type of Supervision:** Supervised release

**Date Supervision Commenced:** July 8, 2025

**Assistant U.S. Attorney:** Elizabeth Altman

**Defense Attorney:** To be appointed

---

## PETITIONING THE COURT

☒ To issue a warrant to be filed as a detainer.

The probation officer alleges that Tara Blum has violated the following conditions of supervision:

| **Violation** | **Nature of Noncompliance** |
|---|---|
| Mandatory Condition: | "Defendant shall not commit another federal, state, or local crime."<br><br>On June 25, 2026, the probation office was informed that Ms. Blum was arrested by the Madison, Wisconsin Police Department for charges of physical abuse of a child (felony) and disorderly conduct (misdemeanor). Initial information obtained from collateral sources indicates that Ms. Blum physically assaulted her minor daughter. New criminal charges in Dane County Circuit Court are impending. Ms. Blum remains in custody at the Dane County Jail. |

**Adjustment to Supervision:** On July 8, 2025, Ms. Blum commenced her current term of supervised release. On September 3, 2025, she began the service of her county jail sentence in Sauk County, Wisconsin, Circuit Court Case No. 19CF337 for the conviction of possession with intent-amphetamine. This state conviction predated her instant offense of conviction. She was given the opportunity to complete this jail sentence through home confinement. On April 29, 2026, Ms. Blum successfully completed her jail sentence.

In June 2025, Ms. Blum started working at April Aire in Madison, Wisconsin. She has maintained this employment throughout the duration of her supervision.

Shortly after the commencement of her supervision, Ms. Blum has been working to gain placement of her two minor children. As of early June 2026, she was granted temporary placement of the children, and they moved in with her. This matter is still being monitored by the Dane County Department of Human Services.

**Probation Officer's Recommendation:** It is respectfully recommended that a warrant be issued and be filed as a detainer to return Ms. Blum to court for a judicial review hearing.

Assistant U.S. Attorney Elizabeth Altman has been notified of this filling and the probation office's recommendation.

**Penalties:** Pursuant to 18 U.S.C. § 3583(e)(3), if the term of supervised release is revoked, the statutory maximum term of imprisonment is five years because the offense of conviction is a Class A felony.

The most serious alleged violation in this case is classified as a Grade A violation, pursuant to USSG §7C1.1(a)(1), a federal, state, or local crime punishable by a term of imprisonment exceeding one year that (i) is a crime of violence. A Grade A violation coupled with Criminal History Category IV results in an advisory guideline range of imprisonment of 37 to 46 months, if the term of supervised release is revoked pursuant to USSG §7C1.5. If the Court determines that the most serious alleged violation in this case is classified as a Grade B violation. A Grade B violation coupled with a Criminal History Category IV results in an advisory guideline range of imprisonment of 12 to 18 months, if the term of supervised release is revoked.

Pursuant to 18 U.S.C. § 3583(h), another term of supervised release is authorized to follow imprisonment. The statutory maximum term of supervised release that can be imposed is life pursuant 21 U.S.C § 841(b)(1).

**<u>Standard Conditions</u>**

The following information is provided for consideration with respect to the revocation proceedings in this matter. Pursuant to the Seventh Circuit Court of Appeals decisions in *United States v. Thompson, et al.*, 777 F.3d 368 (7th Cir. 2015), a sentencing judge must give a reason, consistent with the sentencing factors set forth at 18 U.S.C. § 3553(a), for any non-mandatory condition of supervision.

The standard and special conditions of supervised release that were imposed at the time of original sentencing on November 16, 2021, were reasonably related to the offense of conviction, as well as the personal history and characteristics of the defendant.

The standard conditions of supervision, as set forth in 18 U.S.C. §§ 3563(b) and 3583(d), have been established by policy of the Judicial Conference, as informed by U.S. Sentencing Commission policy statements in §§5B1.3 and 5D1.3. The District Court for the Western District of Wisconsin has adopted some modifications as a result of Seventh Circuit case law. These standard conditions, adopted from 18 U.S.C. §§ 3563(b) and 3583(d) and numbered below, identify the basic requirements, expectations, and limitations for defendants and address corresponding risk-related or recidivism-related factors. The standard conditions provide probation officers with the means to monitor the conduct of defendants who are under court-ordered supervision by matching supervision and programming to factors correlated with risk.

| STANDARD CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|

| | |
|---|---|
| 1) **Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer.** | To provide community protection, rehabilitation for defendant, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance.<br>18 U.S.C. § 3553(a)(1), (a)(2)(B), and (C);<br>18 U.S.C. § 3563(b)(14);<br>18 U.S.C. § 3603(2) and (7);<br>USSG §§5B1.3(b)(1)(A), (C), (D), and (b)(2);<br>USSG §§5D1.3(b)(1)(A)(i), (ii), (iii), and (b)(1)(B). |
| 2) **Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent.** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance.<br>18 U.S.C. § 3553(a)(1), (a)(2)(B), (C), and (D);<br>18 U.S.C. § 3563(b)(15) and (17);<br>18 U.S.C. § 3603(2), (3), (4), and (7);<br>USSG §§5B1.3(b)(1)(B),(C), (D), (E), and (b)(2);<br>USSG §§5D1.3(b)(1)(A)(ii), (iii), (iv), and (b)(1)(B). |
| 3) **Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court.** | Evidence-based practice research indicates that lawful, stable employment and education are pro-social activities that reinforce the rehabilitation of defendant. Employment and education have been identified as risk factors for recidivism.<br>18 U.S.C. § 3553(a)(2)(B), (C), and (D);<br>18 U.S.C. § 3563(b)(4) and (5);<br>18 U.S.C. § 3603(2), (3), (4), and (7);<br>USSG §§5B1.3(b)(1)(C), (D), (E), and (b)(2);<br>USSG §§5D1.3(b)(1)(A)(ii), (iii), (iv), and (b)(1)(B). |
| 4) **Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification.** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance.<br>18 U.S.C. § 3553(a)(2)(C);<br>18 U.S.C. § 3563(b)(13), (15), (16), and (19);<br>18 U.S.C. § 3603(2), (3), (4), and (7);<br>USSG §§5B1.3(b)(1)(D) and (b)(2); USSG §§5D1.3(b)(1)(A)(iii). |

| | |
|---|---|
| 5) **Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Defendant shall not use any product containing cannabidiol (CBD) or tetrahydrocannabinol (THC), except as prescribed by a physician.** | Evidence-based practice research indicates the use of illicit chemicals is a risk factor for recidivism. This condition is recommended to assist with defendant's rehabilitation, officer and defendant safety, and to protect the public. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(7); 18 U.S.C. § 3603(3); USSG §§5B1.3(b)(1)(A), (B), (C), (D), and (b)(2); USSG §§5D1.3(b)(1)(A)(i), (ii), (iii), and (b)(1)(B). |
| 6) **Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered.** | Evidence-based practice research indicates that frequenting places where illicit chemicals are sold, used, distributed or administered increases the risk that defendant will purchase, use, or possess illicit chemicals. Individuals involved in the distribution of illicit chemicals present a risk of peer association as identified in the research. This condition supports rehabilitation of defendant and promotes public safety.<br>18 U.S.C. § 3553(a)(1), (a)(2)(B), and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG §§5B1.3(b)(1)(A), (B), (C), (D), and (b)(2); USSG §§5D1.3(b)(1)(A)(i), (ii), (iii), and (b)(1)(B). |
| 7) **Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity.** | Evidence-based practice research indicates that association with peers involved in criminal activity increases the risk of recidivism. This condition promotes and encourages pro-social relationships that are conducive to a law-abiding lifestyle.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG §§5B1.3(b)(1)(B), (C), (D), and (b)(2); USSG §§5D1.3(b)(1)(A)(ii), (iii), and (b)(1)(B). |
| 8) **Defendant shall permit a probation officer to visit defendant at home, work, or some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer.** | Community contacts ensure compliance with court-ordered conditions and assist defendant in maintaining a law-abiding lifestyle.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(13), (15), (16) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §§5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG §§5D1.3(b)(1)(A)(i), (ii), (iii), and (b)(1)(B). |

| | |
|---|---|
| 9) **Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.** | To provide for community safety and rehabilitation of defendant.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C);<br>18 U.S.C. § 3563(b)(18);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §§5B1.3(b)(1)(A), (B), (C), (D), and (b)(2); USSG §§5D1.3(b)(1)(A)(i), (ii), (iii), and (b)(1)(B). |
| 10) **Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.** | Evidence-based practice research indicates contact with criminals and potential involvement in facilitating other crimes sanctioned by law enforcement officers directly contradicts the condition of no new offenses and criminal associations, which are risk factors for recidivism. Therefore, strict monitoring by the Court/probation office is necessary for the safety of the community, defendant, and the supervising probation officer.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C);<br>18 U.S.C. § 3563(b)(5), (6), (15), (17), and (18);<br>18 U.S.C. § 3603(2), (3), (4), and (7);<br>USSG §§5B1.3(b)(1)(A), (B), (C), (D), and (b)(2); USSG §§5D1.3(b)(1)(A)(i), (ii), (iii), and (b)(1)(B). |
| 11) **Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons, unless instructed by a U.S. probation officer to report within a different time frame.** | To review and clarify conditions of supervision imposed by the court at sentencing. To assist with risk and needs assessment, monitoring requirements, release planning, and program referrals. To set goals for supervision. 18 U.S.C. § 5363(b)(15); USSG §5B1.3(c)(1); USSG §5D1.3(b)(2)(A). |
| 12) **Defendant shall not possess a firearm, ammunition, destructive device, or dangerous weapon.** | To comply with statutory provisions. To provide for community safety, as well as the safety of the supervising U.S. probation officer.<br>18 U.S.C. §§ 921 and 922; 18 U.S.C. § 5363(b)(10); USSG §5B1.3(c)(10), USSG §5D1.3(b)(2)(J); and *U.S. v. Armour*, 804 F.3d 859, 869 (7th Cir. 2015). |

**<u>Special Conditions</u>**

The following special conditions, in addition to the mandatory conditions, would be recommended if an additional term of supervision is deemed appropriate by the Court:

| SPECIAL CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|
| 13) **Provide the supervising U.S. Probation Officer any and all requested financial information, including copies of state and federal tax returns.** | Recommended based on the defendant's offense of conviction; her obligation to pay state and federal income tax, if she earns taxable income; |

| | |
|---|---|
| | and to determine her ability to contribute towards funding for any programming to which he may be referred. |
| 14) **Submit person, property, residence, papers, vehicle, computers [as defined in 18 U.S.C. § 1030(e)(1), or other electronic communications, data storage device, or media], or office to a search conducted by a U.S. Probation Officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition.** | Recommended based on defendant's instant offense of conviction. Also to ensure the safety of the supervising probation officer and ensure she is compliant with her conditions of supervised release. |
| 15) **Participate in a substance abuse evaluation and recommended treatment. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall submit to drug testing beginning within 15 days of defendant's release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process.** | Recommended based on the defendant's history use of illegal drugs. |

**Mandatory Conditions - 18 U.S.C. § 3563(a) and 18 U.S.C. § 3583(d)**

- Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person, shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]

- Defendant shall not illegally possess a controlled substance. Defendant is subject to drug testing according to 18 U.S.C. §§ 3563(a)(5) and 3583(d).

- Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405, if this requirement has not been met.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 25, 2026

/s/

Yang D. Moua
U.S. Probation Officer

**THE COURT ORDERS:**

☐ The issuance of a warrant to be filed as a detainer. THE ORDER IS TO REMAIN UNDER SEAL UNTIL ARREST, WITH THE EXCEPTION THAT IT MAY BE DISSEMINATED TO LAW ENFORCEMENT.

☒ The issuance of a summons.

☒ The appointment of counsel upon arrest, if defendant is indigent.

☒ The probation office is authorized to release to the parties drug test results or other evidence that the probation office has obtained to support the basis for the alleged violations in this case.

☒ Other: In conjunction with ongoing state court proceedings, the parties and the Probation Office are encouraged to explore whether some set of agreed upon conditions and understandings may alleviate the need for a formal hearing in this court.

Honorable William M. Conley
U.S. District Judge

*June 26, 2026*
Date